UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Barbara Rogers, a/k/a Barbara Hannah, Rogers, ) | Civil Action No.: 4:22-cv-00326-RBH |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Select Portfolio Servicing; Caliber Home Loans Inc., Mark MacGillivary, Chandler Coggin, and Jeff Graham, ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Barbara Rogers's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Plaintiff's amended complaint with prejudice for failure to plead facts establishing subject matter jurisdiction.[1]  *See* ECF No. 24.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2]  In the

---

[1]  The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

[2]  Plaintiff's objections were due by April 18, 2022. *See* ECF Nos 24 & 25.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 24] as modified[3] and **DISMISSES** Plaintiff's amended complaint *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina            s/ R. Bryan Harwell
May 12, 2022                        R. Bryan Harwell
                                    Chief United States District Judge

---

[3] The Court modifies the R&R so that the dismissal is *without prejudice* because the dismissal is based on the failure to plead facts establishing subject matter jurisdiction. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (A dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."); *see Cohen v. Hurson*, 623 F. App'x 620, 621 (4th Cir. 2015) (explaining dismissal of a claim for failure to plead facts establishing subject matter jurisdiction must be without prejudice).

The R & R states "Plaintiff does not plead a specific violation of a federal statute or constitutional provision by Defendants." *See* ECF No. 24 at p. 4. This Court notes that Plaintiff's amended complaint cites the Federal Truth in Lending Act and the Fair Debt Collection Practices Act. *See* ECF No. 19 at p. 6. However, Plaintiff's amended complaint asserts only vague and conclusory assertions rather than any specific factual allegations regarding any statutory violations. Thus, even liberally construed, the Court cannot find that Plaintiff's amended complaint raises any questions of federal law.